ELLEN RAE THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 10502-79.
United States Tax Court
T.C. Memo 1981-174; 1981 Tax Ct. Memo LEXIS 566; 41 T.C.M. (CCH) 1251; T.C.M. (RIA) 81174; April 13, 1981. *566 Ellen Rae Thomas, pro se. Rebecca W. Wolfe, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes for 1976 and 1977: Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1976
$ 580.91
$ 124.95
$ 29.05
$ 17.90
1977
$ 422.00
$ 83.95
$ 21.10
$ 11.72 The issues for decision are: 1. Whether petitioner received bross income in the amounts of $ 6,254.51 in 1976 and $ 5,133.84 in 1977; and 2. Whether petitioner is liable for the additions to tax prescribed by section 6651(a) [1] for failure to file Federal income tax returns for 1976 and 1977, by section 6653(a) for negligence or intentional disregard of rules and regulations, and by section 6654 for failure to pay estimated tax for 1976 and 1977. FINDINGS OF FACT At the time the petition was filed, petitioner was a legal resident of Ennis, Texas. On February 26, 1977, petitioner was married to O. B. Thomas. Prior to her marriage, *567 petitioner's name was Ellen R. Cook. Petitioner did not file Federal income tax returns for either 1976 or 1977. Respondent determined that, during 1976, petitioner received taxable income in the amount of $ 6,254.51. The income was in the form or wages or salaries as reflected by Forms W-2 filed by her employers as follows: W-2 from Gibson Products Co.
$ 4,939.60
W-2 from Roy C. Gressett
758.16
W-2 from White Sands Motel & Grill
556.75
Total
$ 6,254.51 Respondent determined that, prior to her marriage in 1977, petitioner received $ 665.44 in wages or salaries from Gibson Products Co., as reflected by a Form W-2 filed by that company. After her marriage, respondent determined, petitioner received her community share of her own wages or salaries and her community share of her husband's salaries. Respondent's determinations were based on Forms W-2 filed by their employers. Petitioner's share of the community income was in the total amount of $ 4,468.40. Thus, respondent determined, petitioner's total income in 1977 was $ 5,133.84. Forms W-2 for 1976 issued by Gibson Products Co. show withheld Federal income tax in the amount of $ 76.60 and by Roy C. Gressett in the amount of $ 4.50, *568 a total of $ 81.10. Petitioner was given credit for $ 81.10 in the notice of deficiency. On April 27, 1976, petitioner executed a Form W-4E stating that she wasexempt from withholding of Federal income tax. To this form was attached a statement that she expected to have no taxable income because, among other stated reasons, Federal Reserve Notes are not legal tender. Petitioner also executed a Form W-4E on July 5, 1977, stating she had no liability for Federal income tax for 1976 and anticipated no liability for Federal income tax for 1977. OPINION Petitioner testified that she did not remember the exact amount of her wages or salary income. Her testimony, however, does not indicate that she seriously questions the accuracy of respondent's determination with respect to the amount of her income. In the absence of evidence to the contrary, we conclude that respondent's determinations in this respect, supported as they are by Forms W-2 filed by the employers, are correct. Petitioner testified that she filed Federal income tax returns for 1976 and 1977, and she maintains that she is not therefore liable for the section 6651(a) addition to tax. We are not convinced by this testimony. *569 A diligent search of the Internal Revenue Service records did not disclose that returns were filed in either the name of Ellen R. Cook or Ellen Rae Thomas. Nor did the search show any returns for those years bearing petitioner's social security number. We note that on April 27, 1976, petitioner signed a Form W-4E stating that she incurred no Federal income tax for 1975 and anticipated that she would incur no such tax for 1976. On July 5, 1977, she signed a Form W-4E stating that she had no liability for Federal income tax for 1976 and anticipated that she would incur no liability for income tax for 1977. To the first of these forms was attached a statement containing copies of constitutional provisions, copies of various statutes, and copies of Federal Reserve Notes. This material set forth the standard tax protestor arguments that were in vogue at that time. At the trial and in a paper filed as a brief in the instant case, petitioner advanced the more current but equally frivolous tax protestor arguments--that the notice of deficiency was not a final determination but rather was a proposed deficiency, that Internal Revenue Service employees should be required to "swear before *570 the court that the amount proposed was true and correct," and that compensation for labor is not income. We think it highly unlikely that, with this history, petitioner decided temporarily to abide by the law and file returns for 1976 and 1977 and, then, later lapsed again into her course of disregard for the law. Respondent's determination that petitioner is liable for additions to tax under section 6651(a) [2] *571 for failure to file Federal income tax returns for 1976 and 1977 is sustained. For much the same reason we sustain respondent's determination that petitioner is liable for additions to tax under section 6653(a) [3] *572 and section 6654. [4]We are convinced that petitioner's underpayments of tax for 1976 and 1977 were due to intentional disregard of the income tax laws in signing the Forms W-4E and in failing to file income tax returns and pay income tax for those years. Her whole pattern of conduct demonstrates a refusal to observe the revenue laws. Petitioner testified that she made estimated tax payments in amounts she could not remember. However, she did not support her testimony with any substantiation of any kind, and a search of the Internal Revenue Service files failed to disclose any such payments (except the withheld sum of $ 81.10 for which she received credit). We sustain respondent's determination of the additions to tax under sections 6653(a) and 6654. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown an tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;
3. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. 4. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax.--In the case of any underpayment of estimated tax by an individual, * * * there shall be added to the tax under chapter 1 * * * for the taxable year an amount determined at an annual rate established under section 6621 upon the amount of the underpayment * * * for the period of the underpayment * * *.↩